John THOMSON, Plaintiff,

v.

Lieutenant Earl JONES, et al., Defendants.

No. 81 C 1279.

United States District Court, N.D. Illinois, E.D.

Aug. 17, 1984.

---

Sara L. Johnson, Roger Pascal, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Thomas A. Ioppolo, Asst. Atty. Gen., Neil F. Hartigan, Ill. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Thomson ("Thomson") originally filed a March 1981 pro se Complaint under 42 U.S.C. § 1983 against two correctional officers at the Stateville Correctional Facility ("Stateville"), Earl Jones ("Jones") and Marvin Baskin ("Baskin"), charging them with physical violence against Thomson. This Court appointed lawyers from the Schiff, Hardin & Waite firm to represent Thomson.[1] After some discovery, counsel filed an Amended Complaint for Thomson in January 1982, adding claims against two new defendants, William Sheldon ("Sheldon") and then Stateville Warden Richard DeRobertis ("DeRobertis"), who was charged with (1) failure to supervise and discipline the other named defendants for having punished Thomson and (2) harassment of Thomson to get him to drop his lawsuit. Now the case has reached the final pretrial order ("Order") stage, and several procedural questions have erupted that require resolution in this opinion:

1. Thomson's motion for bench trial against DeRobertis, who has requested a jury for the first time in his supplement to the Order;

2. Thomson's motion to preclude Baskin, Jones and Sheldon (against all of

---

[1] No opportunity should be lost to express thanks for the high-quality services rendered by the Schiff, Hardin lawyers. At the time of their appointment in this case, this District Court did not have the benefit of the large pool of potential appointees created by the later adoption of the rules governing the trial bar. Roger Pascal, Esq. of Schiff, Hardin was one of the few lawyers on whom this Court could always count to provide regular and committed volunteer pro bono service.

whom default judgments were entered April 25, 1984) from testifying; and

3. Thomson's motion to reopen discovery by deposing individuals listed by DeRobertis in the Order as potential trial witnesses.

### DeRobertis' Belated Jury Demand

■ Thomson's pro se Complaint included a jury demand. So did the May 1981 Answer filed by the Illinois Attorney General's office on behalf of Baskin and Jones.[2] No jury demand was included either in the Amended Complaint[3] or in the Answer filed by the Attorney General's office for DeRobertis. Only during preparation of the draft Order did DeRobertis' counsel advise Thomson's appointed counsel of a desire for a jury trial, countering any objection as to timeliness by relying on the Thomson pro se jury demand and the Jones-Baskin jury demand.

By their very nature jury demands cover *issues*, not *cases*. Fed.R.Civ.P. ("Rule") 38(b) and (c) read (emphasis added):

(b) **Demand.** Any party may demand a trial by jury *of any issue triable of right by a jury* by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading *directed to such issue.* Such demand may be indorsed upon a pleading of the party.

(c) **Same: Specification of Issues.** In his demand a party may specify the *issues* which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for *all the issues* so triable. If he has demanded trial by jury for only *some of the issues,* any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of *any other or all of the issues of fact* in the action.

Though issues in Thomson's claims against Jones and Baskin (that is, whether Jones and Baskin had in fact beaten Thomson) were also involved in the later-asserted claim against DeRobertis, the gravamen of the claim against DeRobertis posed wholly new issues. Thus DeRobertis, in failing to make his own jury demand at the time he answered, could not be said to have relied on the Jones-Baskin demand to cover the principal issues affecting his liability. *Rosen v. Dick,* 639 F.2d 82, 91–92 (2d Cir. 1980).

But *Thomson's* jury demand is a different matter. It was stated in wholly general terms. *Rosen,* the case most heavily relied on by Thomson, itself relies on the distinction made in 5 *Moore's Federal Practice* ¶ 38.40, at 38–361 (2d ed. 1982) (footnote omitted) between a general and a more specific jury demand:

If one party has made a general demand . . ., then the other parties may rely upon the demand; it includes all the issues that concern the demanding party and no other demand need be made by any party as to those issues. If the demand . . . specifies the issues which the demandant wishes tried to the jury, Rule 38(c) provides that "any other party . . . may serve a demand for trial by jury of any other or all of the issues of fact in the action."

And though Thomson says his decision not to renew the jury demand with the Amended Complaint was purposeful, his counsel cites no authority to support the proposition an opponent must be alert to that omission on pain of being forced to an unwanted bench trial. After all Rule 38(d) reads in part:

(d) **Waiver.** . . . A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Indeed many a *plaintiff* would doubtless be astonished at the prospect a general

---

**2.** Defaults were entered against Jones and Baskin much later, after the Attorney General had withdrawn from representing them.

**3.** It will be assumed in this opinion that counsel's omission of a jury demand from the Amended Complaint was a deliberate (but uncommunicated) tactical decision.

jury demand included in his or her original complaint would not extend to a later-filed amended complaint that was silent on the jury demand subject.

Thomson cannot now be heard to say the Complaint (with its jury demand) was never served on DeRobertis as required by Rule 38. *Rosen*, 639 F.2d at 89 resolves that hypothetical contention as well:

> But even when a jury demand has been served on less than all interested parties, a court may still inquire whether the demand, effective as to the party served, should be considered effective as to the unserved parties.

Here as in *Rosen* an unserved party is invoking the jury demand. Surely Thomson cannot complain of his own failure to serve DeRobertis with his outstanding jury demand. Moreover it cannot be overlooked DeRobertis is now represented by the same office that represented Jones and Baskin at the time the Complaint and jury demand were filed against them.[4]

Our Court of Appeals has not spoken to the issue at all. Its only arguable message of relevance here is its recent statement in *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir.1983) (citation omitted):

> In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted.

Both because of the philosophy expressed by *Merritt* and for the reasons stated in this discussion, this Court finds DeRobertis could reasonably have relied on the original Thomson jury demand—which was never withdrawn, though not specifically renewed with the Amended Complaint—and is therefore entitled to a jury trial.

### Motion To Preclude Testimony

■ Thomson also has moved to foreclose defaulted defendants Baskin, Jones and Sheldon from testifying at trial, assertedly because they have not cooperated with discovery. DeRobertis correctly responds (Mem. 2) their noncompliance "cannot be held against him." Though that is so, it is equally true Thomson is entitled to obtain discovery from DeRobertis' witnesses. Accordingly the reopening of discovery announced below applies as well to further attempts to depose Baskin, Jones and Sheldon. Thomson's motion is denied without prejudice.[5]

### Motion To Reopen Discovery

■ DeRobertis announced in the Order he would call five witnesses not yet deposed by Thomson. Thomson claims his failure to depose those witnesses is reasonable in light of his attorneys' pro bono status and the large number of persons who, like the five witnesses in question, were mentioned in DeRobertis' document production. DeRobertis does not refute that contention. Discovery is hereby reopened so Thomson can depose those five witnesses (and the defaulted defendants).

### Conclusion

This order disposes of Thomson's three pending motions:

1. Thomson's motion for a bench trial is denied.

2. Thomson's motion to preclude testimony is denied without prejudice.

3. Thomson's motion to reopen discovery, solely to permit him to depose DeRobertis' witnesses as to whom he has not completed discovery, is granted.

---

4. Thomson makes much of the sophistication of the Attorney General's office, a matter commented on by this Court in a quite different context earlier in this case. See *Thomson v. Jones*, No. 81 C 1279, slip op. at 6 (N.D.Ill. June 27, 1983). However the Attorney General's involvement in the case really cuts the other way from Thomson's contention. Instead, that office's awareness of Thomson's original jury demand (acquired while it was representing Jones and Baskin) contributes to the reasonableness of its assuming the demand carried over to the Amended Complaint, when the office began to represent DeRobertis.

5. This without-prejudice ruling is a safety valve to cover the possibility that (1) future attempts to depose the defaulted defendants will be unsuccessful and (2) those failed attempts can be laid at DeRobertis' door to any extent.

This case is set for status October 30, 1984 at 9:00 a.m. so the parties may report on the progress of reopened discovery.